U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 14 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES EDMUND STAGGS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-238-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Charles Edmund Staggs, a state prisoner currently incarcerated in Huntsville, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as to grounds one, four, five, six and seven on limitations grounds and denied as to grounds two and three.

### I. FACTUAL AND PROCEDURAL HISTORY

The pleadings and state court records presented by the

parties reflect that petitioner is serving a 25-year sentence for his 1992 state conviction for murder in the Criminal District Court Number Two of Tarrant County, Texas. (SHR at 94[1]) Although eligible for parole since 1997, the Texas Board of Pardons and Paroles (the Board) has denied petitioner release on parole on August 20, 1997, October 11, 1999, October 15, 2001, October 24, 2003, September 21, 2004, October 5, 2005, September 27, 2007, September 28, 2009, October 27, 2010, January 13, 2012, and most recently on March 15, 2013, after this petition was filed. Petitioner's next parole review date is scheduled for March 2014. (Resp't Ans, Ex. A at 2) The Board has denied petitioner parole, at least the last four times, for the following reason:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; or the record indicates use of a weapon.

(Resp't Ans., Ex. A to Ex. A)

---

[1] "SHR" refers to the record in petitioner's state habeas application no. WR-27,240-03.

## II. ISSUES

In this petition, petitioner raises seven grounds for relief, asserting TDCJ and/or the Board has denied his constitutional rights by-

(1) extending the statutory parole eligibility requirements;

(2) failing to give credit to his earned work time;

(3) failing to provide rehabilitation as required by law;

(4) repeatedly denying him parole for the same static reasons;

(5) failing to afford him credit during parole consideration for programs he has accomplished;

(6) failing to provide him a detailed written statement explaining the voting members' deviation from the parole guidelines as required by law; and

(7) increasing the lengths of his set-offs absent sufficient justification.

(Pet. at 6-7a)

Petitioner filed an application for postconviction state habeas relief on December 30, 2012,[2] raising the claims

---

[2]The prison mailbox rule, *infra* note 3, applies to a state post-conviction habeas application. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not reflect the date it was placed in the prison mailing system, however the "Inmate's Declaration" on the application was signed by petitioner on December 30, 2012; thus, for purposes of these
(continued...)

presented, which was denied by the Texas Court of Criminal Appeals on February 27, 2013. This federal habeas petition was filed on March 19, 2013.[3]

### III. RULE 5 STATEMENT

Respondent has filed an answer asserting the petition should be dismissed with prejudice as to petitioner's claims as they relate to parole denials from August 20, 1997, through January 13, 2012, because the claims are time-barred under the federal statute of limitations. 28 U.S.C. § 2244(d). Respondent further asserts the petition should be dismissed without prejudice as to petitioner's claims as they relate to the parole denial on March 15, 2013, because the claims are unexhausted under § 2254(b)(1). (Resp't Ans. at 1, 15-14)

### IV. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[2](...continued)
findings, the undersigned deems the state application filed on December 30, 2012.

[3]A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mailing system for mailing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998).

4

>     (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent petitioner's claims involve the denial of parole, the statutory provision set forth in subsection (D) governs when the limitations period as to each denial began to run, *viz.*, the date on which petitioner could have discovered,

through the exercise of due diligence, the factual predicate of his claims. The factual predicate of petitioner's claims as they pertain to the Board's denials of parole was discoverable on August 20, 1997, October 11, 1999, October 15, 2001, October 24, 2003, September 21, 2004, October 5, 2005, September 27, 2007, September 28, 2009, October 27, 2010, January 13, 2012, and March 15, 2013, the dates parole was denied. Accordingly, the one-year statute of limitations expired one year later for each denial, or on August 20, 1998, October 11, 2000, October 15, 2002, October 24, 2004, September 21, 2005, October 5, 2006, September 27, 2008, September 28, 2010, October 27, 2011, January 13, 2013, and March 15, 2014, respectively, absent any applicable tolling.

Clearly, this petition, filed on March 19, 2013, is untimely as to the Board's August 20, 1997, October 11, 1999, October 15, 2001, October 24, 2003, September 21, 2004, October 5, 2005, September 27, 2007, September 28, 2009, and October 27, 2010, denials. The petition is also untimely with respect to the Board's denial on January 13, 2012. A petition raising claims relevant to the January 13 denial was due on or before January 13, 2013. Petitioner's state habeas application tolled the limitations period for sixty days, making a petition due on or

before March 18, 2013. The petition filed on March 19, 2013, was one day late.[4] Therefore, petitioner's claims under grounds (1), (4), (5), (6), and (7) are time-barred.[5]

The petition is timely with respect to the March 15, 2013, denial, however respondent asserts any claims relevant to the March 15 denial are unexhausted as required by § 2254(b)(1). In reply, petitioner asserts that "[t]his argument has NO place in the Respondent's Answer as at NO time at NO place in Staggs' writ

---

[4]In his reply, petitioner asserts his federal petition was placed in the prison mailing system on March 15, 2013. However, the petition refutes this assertion. Petitioner expressly indicated on the petition that he placed the document in the prison mailing system on March 19, 2013, and petitioner signed the document on the same date. As such, it is impossible that petitioner could have placed the petition in the prison mailing system before March 19, 2013.

[5]Petitioner neither alleges nor demonstrates that he is entitled to additional tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, a federal habeas petitioner can invoke the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562. There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and petitioner has not set forth any extraordinary circumstances justifying his delay in pursuing postconviction relief.

petition and/or brief in support does he raise a claim based on his March 15, 2013, parole denial. In fact, that parole denial is not even mentioned." (Pet'r Reply at 4) It is obvious that petitioner did not intend to raise claims relevant to the March 15 denial in the instant petition. As such, this court need not address the issue of exhaustion or consider petitioner's claims in the context of the March 15 denial.

## V. WORK TIME

Petitioner asserts that TDCJ is not giving him credit for his earned work time, as opposed to good time, and that he has been forced to work since entering TDCJ in 1992 or face disciplinary proceedings. (Pet. at 6; Pet'r Mem. at 6-11) He urges he is not required to work, thus his work time must be rewarded and requiring him to do so without compensation violates federal law. The Fifth Circuit has explicitly upheld TDCJ's practice of requiring inmates to work against such challenges. *Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir. 1988); *see also Murray v. Mississippi Dep't of Corrections*, 911 F.2d 1167, 1167-68 (5th Cir. 1990). Petitioner is not entitled to habeas relief under ground two.

8

## VI. REHABILITATION

Petitioner claims TDCJ has denied his rights as guaranteed by both the United States and Texas Constitutions by failing to provide any form of rehabilitation as required by law. (Pet. at 7Pet'r Mem. at 12-15) First, federal habeas relief lies only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Second, prisoners have no constitutional right to participate in educational rehabilitative programs while incarcerated. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *McBride v. Powers*, 364 Fed. Appx. 867, 2010 WL 445519, at *2-3 (5th Cir. Feb. 4, 2010) (not designated for publication). Furthermore, TDCJ has clearly provided petitioner educational and vocational rehabilitative programs. Petitioner admits that he "has earned a Master's degree, 3 lower degrees, [and that he is] completing college-level vocational training, and completing 4 on-job-training programs." (Pet'r Mem. at 14) The fact that he volunteered for those programs, versus "something that was suggested and/or required of him," is of no moment. Petitioner is not entitled to habeas relief under ground three.

For the reasons discussed herein,

9

The court ORDERS the petition of petitioner be, and is hereby, dismissed as to grounds (1), (4), (5), (6), and (7) on limitations grounds and the petition be, and is hereby, denied as to grounds (2) and (3).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and/or made a substantial showing of the denial of a constitutional right.

SIGNED August 14, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE